**MARTIN & BONNETT P.L.L.C.**
Susan Martin (AZ#014226)
Jennifer Kroll (AZ#019859)
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
Fax: (602) 240-2345
Email: smartin@martinbonnett.com
        jkroll@martinbonnett.com

*[Proposed] Liaison Counsel for Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice app. forthcoming*)
Laurence M. Rosen (*pro hac vice app. forthcoming*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: philkim@rosenlegal.com
        lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and the Class*
*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Singh Family Revocable Trust U/A Dated 02/18/2019, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Sprouts Farmers Market, Inc.; Jack L. Sinclair; and Curtis Valentine,<br><br>Defendants. | No. CV-25-04416-PHX-JJT<br><br>CLASS ACTION<br><br>**MOTION OF PETER ROBINSON TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |

Pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Movant Peter Robinson ("Movant") respectfully submits this motion and memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)  appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of Sprouts Farmers Market, Inc. ("Sprouts" or the "Company") securities between June 4, 2025 and October 29, 2025, inclusive (the "Class Period"); and

(3) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") and The Schall Law Firm ("Schall") as Co-Lead Counsel and Martin & Bonnett P.L.L.C. ("Martin & Bonnett") as Liaison Counsel for the Class.

This Motion is based on this Motion, the following Memorandum of Points and Authorities, Declaration of Susan Martin with exhibits, the pleadings and other files in this matter, and such other written or oral argument permitted by the Court.

**Memorandum of Points and Authorities**

## I.    CLAIMS ASSERTED

On November 24, 2025, this action was filed against Sprouts Farmers Market, Inc., Jack L. Sinclair, and Curtis Valentine ("Defendants") for violations under the Exchange Act. An early notice was issued pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising

class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Susan Martin ("Martin Decl."), Ex. 1, filed herewith.

Sprouts is a specialty grocery store chain that operates throughout the US, with more than 450 stores across 24 states.

The complaint alleges that during the Class Period, Defendants created the false impression that they possessed reliable information pertaining to the Company's resilience against macroeconomic pressures, its ability to lap its prior comparables and its overall projected revenue outlook and anticipated growth while also minimizing ongoing risks potentially triggered by reduced spend from a more cautious consumer. In truth, Sprouts' optimistic reports of growth and stability in the face of macroeconomic instability fell short of reality; the Company's consumer base was not as resilient to macroeconomic pressures as Defendants contended and ultimately reduced spend, the perceived tailwinds from such pressures failed to manifest, and Sprouts' ability to lap its prior comparables was well overstated, ultimately resulting in the Company being unable to meet its lofty growth projections.

Then on October 29, 2025, Sprouts announced disappointing top-line results for the third quarter of fiscal 2025 with comparable stores growth faltering below the Company's expectations. Sprouts further announced disappointing fourth quarter guidance and further slashed its full year estimates, despite raising them only one quarter prior. The Company attributed its results and lowered guidance on "challenging year-on-year comparisons as well as signs of a softening consumer."

Investors and analysts reacted immediately to Sprouts' revelation. The price of Sprouts' common stock declined dramatically. From a closing market price of $104.55 per share on October 29, 2025, Sprouts' stock price fell to $77.25 per share on October 30, 2025, a decline of about 26.11% in the span of just a single day.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice …;
(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *2 (D. Ariz. Apr. 7, 2008).

4

As explained below, Movant satisfies the above criteria and is the most adequate plaintiff and should be appointed Lead Plaintiff.

### A.    Movant Is Willing to Serve as Class Representative

As set forth in his certification filed herewith, Movant attests that he has reviewed the Complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class. *See* Martin Decl., Ex. 2.

### B.    Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify how to calculate the "largest financial interest," the approximate losses suffered are the most determinative. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant purchased 3,000 shares of Sprouts stock during the Class Period at a cost of $428,940. Movant suffered approximate losses of $188,976.61 in connection with his purchases of Sprouts securities. *See* Martin Decl., Ex. 3. Movant is not aware of any other individual movant who has suffered greater losses in Sprouts' securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed Lead Plaintiff for the Class.

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1)    the class is so numerous that joinder of all members is impracticable;
(2)    there are questions of law or fact common to the class;
(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh,* 306 F.3d at 730. Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations

and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(a)    will not fairly and adequately protect the interests of the class; or

(b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant's ability and desire to represent the class fairly and adequately has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

Further, Movant lives in Rochester, New York and has been investing for 15 years. Movant works in the real estate industry.

### II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only

interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law and Schall as Co-Lead Counsel and Martin & Bonnett as Liaison Counsel. The firms have been actively researching the Class Plaintiffs' and Movant's claims, including reviewing publicly available financial and other documents, and gathering information in support of the claims against the defendants. Furthermore, Rosen Law and Schall have extensive histories bringing significant recoveries to investors and are experienced in securities litigation and class actions, having been appointed as lead and co-lead counsel in securities class actions throughout the nation and Martin & Bonnett and its attorneys have a long history of handling litigation in the District of Arizona. *See* Firm Resumes, Martin Decl., Exs. 4-6.

As a result of the firms' experience in litigation, Movant's chosen counsel has the skill and knowledge that will enable the firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## III.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff for the class; (2) approving Rosen Law and Schall as Co-Lead Counsel and Martin & Bonnett as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

8

Respectfully submitted this 26th day of January 2026.

**MARTIN & BONNET P.L.L.C.**
By: /s/ Susan Martin
Susan Martin (AZ#014226)
Jennifer Kroll (AZ#019859)
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Phone: 602-240-6900
Fax: 602-240-2345
Email: smartin@martinbonnett.com
          jkroll@martinbonnett.com

*[Proposed] Liaison Counsel for Movant*
*and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice app. forthcoming*)
Laurence M. Rosen (*pro hac vice app. forthcoming*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: philkim@rosenlegal.com
          lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall, Esq. (*pro hac vice app. forthcoming*)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*[Proposed] Co-Lead Counsel for Movant and*
*the Class*