Gary Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

*Counsel for Movants Leslie Rotness and
Carolle Poudrier and Proposed Liaison
Counsel for the Class*

[Additional counsel on signature page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Singh Family Revocable Trust u/a dtd 02/18/2019, Individually and on Behalf of All Others Similarly Situated, | Case No. CV-25-04416-PHX-JJT |
| Plaintiff, | Hon. John J. Tuchi |
| v. | **MOTION OF LESLIE ROTNESS AND CAROLLE POUDRIER FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Sprouts Farmers Market, Inc.; Jack L. Sinclair; and Curtis Valentine, | |
| Defendants. | |

MOTION & MEMORANDUM OF POINTS AND AUTHORITIES
CV-25-04416-PHX-JJT

## TABLE OF CONTENTS

MOTION ...........................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................2

I.      PRELIMINARY STATEMENT...............................................................................2

II.     STATEMENT OF FACTS.......................................................................................3

III.    ARGUMENT ..........................................................................................................5

      A.      THE COURT SHOULD APPOINT ROTNESS AND POUDRIER AS CO-LEAD PLAINTIFFS.................................................................................5

           1.      Rotness and Poudrier Are Willing to Serve as Class Representatives ...................................................................................6

           2.      Rotness and Poudrier Have the "Largest Financial Interest"...................................................................................................7

           3.      Rotness and Poudrier Otherwise Satisfy Rule 23's Requirements..............................................................................8

           4.      Rotness and Poudrier Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses ..............................................................................13

      B.      THE COURT SHOULD APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL..........................................................................13

IV.     CONCLUSION .....................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS,
2012 WL5927985 (N.D. Cal. Nov. 13, 2012) ........................................................... 12

*Esparza v. SmartPay Leasing, Inc.*, No. C 17-03421 WHA,
2019 WL 2372447 (N.D. Cal. June 5, 2019) ............................................................... 9

*Hall v. Medicis Pharm. Corp.*, No. CV-08-1821-PHX-GMS,
2009 WL 648626 (D. Ariz. Mar. 11, 2009) ................................................................. 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................. 7, 11

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ................................................................. 7

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................ 7

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 112 (S.D.N.Y. 2010) .............................................................................. 10

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................................... 7, 8

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ............................................................. 7, 8

*Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB,
2013 WL 792642 (N.D. Cal. Mar. 4, 2013)............................................................. 7, 8

*Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX),
2001 WL 861694 (C.D. Cal. Apr. 26, 2001). ............................................................ 13

*Perrin v. Sw. Water Co.*, No. 2:08-cv-7844-FMC-AGRx,
2009 WL 10654690 (C.D. Cal. Feb. 13, 2009) ...................................................... 11, 12

*Robb v. Fitbit Inc.*, No. 16-CV-00151-SI,
2016 WL 2654351 (N.D. Cal. May 10, 2016)........................................................ 11, 12

*Smilovits v. First Solar, Inc.*, No. 12-cv-0555,
2012 WL 3002513 (D. Ariz. July 23, 2012) ................................................................. 9

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ...................................................................................... 10

*Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM,
2008 WL 942273 (D. Ariz. Apr. 7, 2008) ..................................................................... 9

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................. 11

### Statutes

15 U.S.C. § 78u-4 ...........................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ...........................................*passim*

### Rules

Fed. R. Civ. P. 23 ..........................................................................................*passim*

## MOTION

Leslie Rotness ("Rotness") and Carolle Poudrier ("Poudrier"), by and through their counsel, will and do hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Rotness and Poudrier as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired Sprouts Farmers Market, Inc. ("Sprouts" or the "Company") securities between June 4, 2025 and October 29, 2025, inclusive (the "Class Period"), including sellers of put options; and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Keller Rohrback L.L.P. ("Keller Rohrback") as Liaison Counsel for the Class.  In support of this motion, Rotness and Poudrier submit a Memorandum of Points and Authorities, the Declaration of Jeremy A. Lieberman submitted herewith, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court.

This motion is made on the grounds that Rotness and Poudrier believe that they are the "most adequate" plaintiffs of the Class within the meaning of the PSLRA and that the PSLRA therefore mandates their appointment as Co-Lead Plaintiffs.  Specifically, Rotness and Poudrier believe that they have the "largest financial interest" in the relief sought by the Class in the above-captioned action (the "Action") by virtue of, *inter alia*, the number of Sprouts shares and options contracts that they collectively purchased or otherwise acquired during the Class Period, the net funds they collectively expended on those

transactions, and the significant losses that they collectively incurred in connection with their Class Period transactions in Sprouts securities as a result of the fraud alleged in the Action.  Rotness and Poudrier also satisfy the applicable requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because their claims are typical of those of other Class members and they will fairly and adequately represent the Class's interests.  Further, the PSLRA vests authority in lead plaintiffs to select and retain counsel for the Class, subject to the approval of the Court.  Rotness and Poudrier's choice of counsel, with Pomerantz as Lead Counsel and Keller Rohrback as Liaison Counsel, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute the Action effectively and expeditiously under Rotness and Poudrier's direction.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the Action alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  Sprouts investors, including Rotness and Poudrier, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused the prices of Sprouts securities to fall sharply, damaging Rotness, Poudrier, and other Sprouts investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Rotness and Poudrier collectively: (1) purchased or otherwise acquired 10,900 shares of Sprouts common stock and 8 Sprouts options contracts;

(2) purchased or otherwise acquired 3,450 net shares of Sprouts common stock; (3) expended $426,152 in net funds on Sprouts securities; and (4) as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $158,889. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Rotness and Poudrier believe that they have the largest financial interest in the relief sought in this Action. Beyond their considerable financial interest, Rotness and Poudrier also meet the applicable requirements of Rule 23 because their claims are typical of those of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, Rotness and Poudrier have selected Pomerantz as Lead Counsel and Keller Rohrback as Liaison Counsel for the Class. These firms' attorneys are highly experienced in the areas of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Rotness and Poudrier respectfully request that the Court enter an order appointing them as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz as Lead Counsel and Keller Rohrback as Liaison Counsel for the Class.

## II.   STATEMENT OF FACTS

As alleged in the Complaint in the Action, Sprouts is a specialty grocery store chain that operates throughout the United States, with more than 450 stores across 24 states.

Dkt. No. 1 ¶ 19.  Sprouts caters to more health-conscious shoppers with a focus on fresh, natural, and organic goods, as well as plant-based, gluten free, and other diet-specific alternatives.  *Id.* ¶ 20.

Defendants provided investors with material information concerning Sprouts' growth potential for the fiscal year 2025.  *Id.* ¶ 2.  Defendants' statements included, among other things, confidence in the Company's customer base to remain resilient to macroeconomic pressures and that Sprouts would instead benefit from the perceived tailwinds from a more cautious consumer.  *Id.*

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true state of Sprouts' growth potential; notably, that a more cautious consumer could result in significant slowdown in sales growth and the purported tailwinds would be unable to dampen the slowdown or would otherwise fail to manifest entirely.  *Id.* ¶ 3.  Such statements absent these material facts caused the plaintiff in the Action and other shareholders to purchase Sprouts' securities at artificially inflated prices.  *Id.*

The truth emerged on October 29, 2025, when Sprouts announced disappointing top-line results for the third quarter of fiscal 2025 with comparable stores growth faltering below the Company's expectations.  *Id.* ¶ 4.  Sprouts further announced disappointing fourth quarter guidance and further slashed its full year estimates, despite raising them only one quarter prior.  *Id.*  The Company attributed its results and lowered guidance on

"challenging year-on-year comparisons as well as signs of a softening consumer." *Id.*

Investors and analysts reacted immediately to Sprouts' revelation. *Id.* ¶ 5. The price of Sprouts' common stock declined dramatically. *Id.* From a closing market price of $104.55 per share on October 29, 2025, Sprouts' stock price fell to $77.25 per share on October 30, 2025, a decline of about 26.11% in the span of just a single day. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Rotness, Poudrier, and other Class members have suffered significant losses and damages. *See id.* ¶ 67.

## III.  ARGUMENT

### A.  THE COURT SHOULD APPOINT ROTNESS AND POUDRIER AS CO-LEAD PLAINTIFFS

Rotness and Poudrier should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in the Action to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable

after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Rotness and Poudrier satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### 1.    Rotness and Poudrier Are Willing to Serve as Class Representatives

On November 26, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Sprouts and other defendants, and advising investors in Sprouts securities that they had until January 26, 2026—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Rotness and Poudrier have filed the instant motion pursuant to the Notice, and they have attached sworn Certifications attesting that they are willing to serve as

MOTION & MEMORANDUM OF POINTS AND AUTHORITIES
CV-25-04416-PHX-JJT
6

representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Rotness and Poudrier satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

**2.    Rotness and Poudrier Have the "Largest Financial Interest"**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). To the best of their knowledge, Rotness and Poudrier have the largest financial interest of any Sprouts investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in the Ninth Circuit. *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test[.]" (Internal quotation marks and citations omitted.)); *Knox v. Yingli Green Energy Holding Co.*, 136

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6–8 (E.D.N.Y. Mar. 2, 2007).

F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same). Of the *Lax* factors, courts in the Ninth Circuit generally emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4; *Knox*, 135 F. Supp. 3d. at 1163.

During the Class Period, Rotness and Poudrier collectively: (1) purchased or otherwise acquired 10,900 shares of Sprouts common stock and 8 Sprouts options contracts; (2) purchased or otherwise acquired 3,450 net shares of Sprouts common stock; (3) expended $426,152 in net funds on Sprouts securities; and (4) and as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $158,889. *See* Lieberman Decl., Ex. A. As such, Rotness and Poudrier believe that they possess the largest financial interest in the outcome of this litigation within the meaning of the PSLRA. . 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Rotness and Poudrier Otherwise Satisfy Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether lead plaintiff movants satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that movants satisfy the requirements of Rule 23 is sufficient. *See Smilovits v. First Solar, Inc.*, No. 12-cv-0555, 2012 WL 3002513, at *3 (D. Ariz. July 23, 2012); *see also Hall v. Medicis Pharm. Corp.*, No. CV-08-1821-PHX-GMS, 2009 WL 648626, at *2–3 (D. Ariz. Mar. 11, 2009) (noting at this stage of the litigation only a "preliminary showing" of typicality and adequacy is required). Moreover, "[o]nly two requirements of Rule 23, . . . 'typicality' and 'adequacy,' are relevant to the selection of lead plaintiff" under the PSLRA. *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *2 (D. Ariz. Apr. 7, 2008) (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)).

"'[T]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct.'" *Esparza v. SmartPay Leasing, Inc.*, No. C 17-03421 WHA, 2019 WL 2372447, at *4 (N.D. Cal. June 5, 2019) (quoting *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class

members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Rotness and Poudrier's claims are typical of those of the Class. Rotness and Poudrier allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Sprouts, or by omitting to state material facts necessary to make the statements they did make not misleading. Rotness and Poudrier, like other Class members, purchased or otherwise acquired Sprouts securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove Sprouts' share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Rotness and Poudrier are adequate representatives for the Class. Here, Rotness and Poudrier have submitted sworn Certifications declaring their respective commitment to

protecting the interests of the Class.  *See* Lieberman Decl., Ex. C.  There is no evidence of antagonism or conflict between Rotness and Poudrier's interests and those of the Class, and their significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. Moreover, as set forth in greater detail below, in Pomerantz and Keller Rohrback, Rotness and Poudrier have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice of Pomerantz and Keller Rohrback to the Court for approval as Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz, Rotness is also represented by Bronstein, Gewirtz & Grossman, LLC in this litigation.

Further, Rotness and Poudrier constitute an appropriate movant duo of the type routinely appointed to serve as co-lead plaintiffs.  *See, e.g.*, *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *7 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *Perrin v. Sw. Water Co.*, No. 2:08-cv-7844-FMC-AGRx, 2009 WL 10654690, at *3 (C.D. Cal. Feb. 13, 2009) ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *In re Cendant*, 264 F.3d 201, 266 (3d Cir. 2001) (noting "[t]he PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff" (citation omitted)); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is

allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff").

Rotness and Poudrier likewise have demonstrated their adequacy because they are a cohesive duo of likeminded investors who have submitted a Joint Declaration attesting to, *inter alia*, their respective backgrounds and investing experience, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, their decision to seek appointment jointly as co-lead plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.  Courts routinely appoint more than one investor as co-lead plaintiffs pursuant to the PSLRA under such circumstances.  *See, e.g., Fitbit*, 2016 WL 2654351, at *4, *7 (appointing five-person investor group that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus"); *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing group of three investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *Perrin*, 2009 WL 10654690, at *3–4 (appointing group of four investors that "submitted a Joint Declaration agreeing to work together to ensure the maximum recovery on behalf of the proposed class" (internal quotation marks omitted)).

**4.     Rotness and Poudrier Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses**

The presumption favoring Rotness and Poudrier's appointment as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

Rotness and Poudrier's ability and desire to fairly and adequately represent the Class has been discussed above.  Rotness and Poudrier are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, Rotness and Poudrier should be appointed Co-Lead Plaintiffs for the Class.

**B.     THE COURT SHOULD APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL**

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 WL 861694, at *4.

Here, Rotness and Poudrier have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and

has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

In addition, Keller Rohrback is well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, Keller Rohrback maintains an office in Phoenix, Arizona, where this Court is situated, and the firm specializes in securities class action matters, among other practice areas. *See id.*, Ex. F. Keller Rohrback's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the local civil rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to

MOTION & MEMORANDUM OF POINTS AND AUTHORITIES
CV-25-04416-PHX-JJT
14

those raised in the instant Action, Rotness and Poudrier's counsel, Pomerantz and Keller Rohrback, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute the Action effectively and expeditiously.  Thus, the Court may be assured that by approving Rotness and Poudrier's selection of Pomerantz as Lead Counsel and Keller Rohrback as Liaison Counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Rotness and Poudrier respectfully request that the Court issue an Order: (1) appointing Rotness and Poudrier as Co-Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz as Lead Counsel and Keller Rohrback as Liaison Counsel for the Class.

Dated:  January 26, 2026

Respectfully submitted,

*/s/ Gary Gotto*
Gary Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322

*Counsel for Movants Leslie Rotness and Carolle Poudrier and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016

Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movants Leslie Rotness and Carolle Poudrier and Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movant Leslie Rotness*

MOTION & MEMORANDUM OF POINTS AND AUTHORITIES
CV-25-04416-PHX-JJT

16

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


*/s/ Gary Gotto*
Gary Gotto

MOTION & MEMORANDUM OF POINTS AND AUTHORITIES
CV-25-04416-PHX-JJT
17