**MARTIN & BONNETT P.L.L.C.**
Susan Martin (AZ#014226)
Jennifer Kroll (AZ#019859)
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
Fax: (602) 240-2345
Email: smartin@martinbonnett.com
        jkroll@martinbonnett.com

*[Proposed] Liaison Counsel for Movant and the (*

[Additional counsel on signature page.]

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Singh Family Revocable Trust U/A Dtd 02/18/2019, Individually and on behalf of all others similarly situated, | Case No. 2:25-cv-04416-JJT |
| Plaintiff, | CLASS ACTION |
| vs. | **MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS AND AUTHORITIES  IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** |
| Sprouts Farmers Market, Inc.; Jack L. Sinclair; Curtis Valentine, | |
| Defendants. | |

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     ROBINSON IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF ......... 2

        A.      Robinson Filed a Timely Motion .................................................................. 2

        B.      Robinson Has The Largest Financial Interest Of All Proper Movants ........... 4

        C.      The Lovingier Trust's Noncompliance Bars Consideration .......................... 5

        D.      Untimely Motions May Be Considered Only in Narrow Circumstances
                Not Present Here ......................................................................................... 6

        E.      Robinson Is Typical And Adequate Under Rule 23(a) ................................. 8

III.    THE PRESUMPTION THAT ROBINSON IS THE MOST ADEQUATE
        PLAINTIFF CANNOT BEEN REBUTTED ......................................................... 9

IV.     ROBINSON'S CHOICE OF COUNSEL SHOULD BE APPROVED ................... 10

V.      CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

CASES

*Argentine Republic v. Nat'l Grid PLC*,
 637 F.3d 365 (D.C. Cir. 2011) ................................................................................ 2

*Carson v. Clarent Corp.*,
 No. 01-cv-03361 CRB, 2001 WL 1782712 (N.D. Cal. Dec. 14, 2001) ........................ 5, 6

*Cleveland Bakers & Teamsters Pension Fund v. Lamb Weston Holdings, Inc.*,
 1:24-CV-00282-AKB-CWD, 2024 WL 4766254 (D. Idaho Nov. 12, 2024)................... 3

*Emerson v. Genocea Biosciences, Inc.*,
 No. 17-cv-12137-PBS, 2018 WL 839382 (D. Mass. Feb. 12, 2018) .............................. 7

*GGCC, LLC v. Dynamic Ledger Sols., Inc.*,
 No. 17-cv-06779, 2018 WL 1388488 (N.D. Cal. Mar. 16, 2018) ................................... 7

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) .............................................................................. 4, 9, 10

*In re: David James Farnham*,
 No. 24-bk-30325, 2025 WL 2612637 (Bankr. M.D. Ga. Sept. 8, 2025).......................... 8

*In re Enron Corp. Sec. Litig.*,
 206 F.R.D. 427 (S.D. Tex. 2002)........................................................................... 2, 5

*In re Initial Pub. Offering Secs. Litig.*,
 214 F.R.D. 117 (S.D.N.Y. 2002) ...........................................................................7-8

*In re Mersho*,
 6 F.4th 891 (9th Cir. 2021) ..................................................................................... 9

*In re MicroStrategy Inc. Sec. Litig.*,
 110 F. Supp. 2d 427 (E.D. Va. 2000) ........................................................................ 7

*In re Telxon Corp. Sec. Litig.*,
 67 F. Supp. 2d 803 (N.D. Ohio 1999)....................................................................... 1, 5

*In re Tezos Sec. Litig.*,
 No. 17-cv-06779, 2019 WL 2183448 (N.D. Cal. Apr. 8, 2019)..................................... 3

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTIONS

*Lomingkit v. Apollo Edu. Grp. Inc.*,
  No. 16-cv-00689, 2016 WL 3345514 (D. Ariz. June 16, 2016) ........................................ 8

*Montesano v. Eros Int'l PLC,*
  No. 2:19-cv-14125-ES-JSA, 2020 WL 1873015 (D.N.J. Apr. 14, 2020) ........................ 6

*Ries v. Arizona Beverages USA LLC,*
  No. 10-cv-01139, 2013 WL 1287416 (N.D. Cal. Mar. 28, 2013) ................................... 10

*Skwortz v. Crayfish Co.*,
  No. 00-CV-6766, 2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001) .................................... 8

*Stone v. Life Partners Holdings, Inc.*,
  No. DR-11-CV-16-AM, 2011 WL 13237569 (W.D. Tex. Aug. 12, 2011) .................. 6, 8

*Tenneson v. Nikola Corp.,*
  No. 23-cv-02131, 2024 WL 905244 (D. Ariz. Feb 29, 2024) ........................................ 4

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.,*
  No. 17-cv-04732 VAP (KSX), 2017 WL 10667732 (C.D. Cal. Sept. 29, 2017) ............. 7

*Wrighten v. Metropolitan Hospitals, Inc.,*
  726 F.2d 1346 (9th Cir. 1984) ..................................................................................... 10

*Zhu v. UCBH Holdings, Inc.*,
  682 F. Supp. 2d 1049 (N.D. Cal. 2010) ...................................................................... 1, 6

STATUTES

15 U.S.C. § 78u-4(a)(3)(A)...............................................................................................3

15 U.S.C. § 78u-4(a)(3)(A)(i)............................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)..........................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)....................................................................................2, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ...............................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ...............................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .....................................................................................9

i

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTIONS

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................................. 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ...................................................................................... 8

<u>RULES</u>

Fed. R. Civ. P. 6(b) ................................................................................................................ 2

i

Lead Plaintiff Movant Peter Robinson (hereinafter "Robinson") submits this memorandum of points and authorities in opposition to competing motions for appointment of lead plaintiff and approval of lead counsel. (Doc. Nos. 16, 18, 20, 22).

## I.   INTRODUCTION

Before the Court are three timely filed lead plaintiff motions:  Robinson (Doc. No. 18), The Singh Family Revocable Trust U/A DTD 02/18/2019 ("Singh Trust," Doc. No. 16), and Carolle Poudrier and Leslie Rotness ("Poudrier & Rotness," Doc. No. 20).  Poudrier & Rotness filed a non-opposition acknowledging that "it appears that movant Peter Robinson is the 'most adequate plaintiff' within the meaning of the PSLRA." Notice of Non Opposition of Leslie Rotness and Carolle Poudrier to Competing Motions for Appointment as Lead Plaintiff and Approval of Selection of Counsel, Doc. No. 27 at 1.  Similarly, the Singh Trust has withdrawn its motion.  Notice of Withdrawal of Singh Family Revocable Trust U/A DTD 2/18/2019's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, Doc. No. 23.  Thus, Robinson's motion is unopposed by movants properly before the Court.

While the Lovingier Family Trust ("Lovingier Trust" or "Trust") claims a larger loss than Robinson ($259,313.88 vs. $188,976.61), its motion is late because it was filed on January 27, 2026.  Therefore, the Trust is not properly before this Court and fails to meet the requirements of the PSLRA.  The January 26, 2026 deadline was a "threshold requirement to serve as lead plaintiff," and the Lovingier Trust's motion does not satisfy this mandatory threshold requirement. *Zhu*, 682 F. Supp. 2d at 1053.  The Lovingier Trust does not contend otherwise.  See Doc. No. 22-1 (Memorandum of Points and Authorities in Support of the Lovingier Family's Motion for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel, hereinafter the "Lovingier Motion"), at 6 (". . . the deadline for submission of applications to be appointed lead Plaintiff is January 26, 2026.").

Putting aside the fact that the Trust has not even sought relief for its late filing, Courts strictly construe the PSLRA lead plaintiff deadline. *In re Telxon Corp. Sec. Litig.*, 67 F.

1

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Supp. 2d 803, 818 (N.D. Ohio 1999) ("The plain language of the statutes precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed *after* the sixty (60) day window has closed."). (emphasis in original).[1] The 60-day time limit to move for appointment as lead plaintiff cannot be extended. Although Federal Rule of Civil Procedure 6(b) grants courts discretion to extend non-statutory deadlines, the district court may not extend congressionally mandated time periods. *Argentine Republic v. Nat'l Grid PLC*, 637 F.3d 365, 368 (D.C. Cir. 2011) ("National Grid argues that the ditrcit court could not, as a matter of law, have granted the motion because Rule 6(b) may not be used to extend periods of time dictated by statute. We agree."). On this point the PSLRA is "unequivocal and imposes precise time requirements." *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 439.

Robinson, by contrast, filed a timely motion (Doc. No. 18), has the largest financial interest among eligible movants, and otherwise satisfies Rule 23. Accordingly, Robinson warrants appointment as he is the presumptive "most adequate plaintiff," and the Lovingier Trust's untimely motion should be denied.

## II.   ROBINSON IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF

Robinson satisfies all three requirements to be the presumptively most adequate plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). He filed a timely motion for appointment. See Doc. No. 18; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Robinson has the largest financial interest in the relief sought by the class among eligible movants. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), and he satisfies the requirements of Rule 23, as demonstrated in his memorandum of points and authorities and PSLRA certification in support of his lead plaintiff motion. Doc. Nos. 18, 18-4; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

### A.   Robinson Filed a Timely Motion

In compliance with the PSLRA, on November 26, 2025, counsel for the Singh Trust

---

[1] All emphasis is added, and all internal quotations and citations are omitted, unless otherwise stated.

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

published early notice advising members of the proposed class of their right "to move this Court to serve as Lead Plaintiff no later than January 26, 2026." See Lovingier Trust Motion (Doc. No. 22-1), at 2. Every movant seeking appointment as lead plaintiff, including the Lovingier Trust, attached the early notice to their declarations supporting appointment. See Exhibits to Declarations of Movants' Counsel, Doc. Nos. 17-3 (the Singh Trust), 18-3 (Robinson), 21-2 (Poudrier & Rotness), 22-5 (the Lovingier Trust). The January 26 deadline was unequivocal and understood by each movant and their counsel.

Timely filing is the "first" determination made by courts, and only those movants who satisfy the PSLRA's procedural requirements advance to later stages of consideration. See *Cleveland Bakers & Teamsters Pension Fund v. Lamb Weston Holdings, Inc.*, 1:24-CV-00282-AKB-CWD, 2024 WL 4766254, at *4 (D. Idaho Nov. 12, 2024) ("First, the court must determine whether the procedural requirements are satisfied. The procedural requirements demand that a motion for appointment as lead plaintiff be filed within 60 days of the published notice of the class action.") (citing 15 U.S.C. § 78u-4(a)(3)(A)). The sequencing is reflected in the statute's structure. Section 78-u4(a)(3)(A) requires publication of notice and establishes the 60-day deadline. 15 U.S.C. § 78u-4(a)(3)(A)(i). Only after that window closes does subsection (B) direct the court to select the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Congress chose to condition eligibility for the court's analysis on compliance with the notice-and-filing requirements. Noncompliance at step one removes a movant from consideration at steps two and three, regardless of financial interest or adequacy. See *In re Tezos Sec. Litig.*, No. 17-cv-06779, 2019 WL 2183448 (N.D. Cal. Apr. 8, 2019), at *3 (to follow the PSLRA, courts "consider timely applicants before moving beyond the noticed pool").

The record confirms that all movants, including the Lovingier Trust, understood this structure. Each attached the November 26, 2025 early notice, which expressly identified January 26, 2026 as the deadline. Doc. Nos. 17-3 (Singh Trust), 18-3 (Robinson), 21-1 (Poudrier & Rotness), 22-5 (Lovingier Trust). Each movant thus had actual notice, not only of the deadline itself, but of the fact that competing motions would be filed and evaluated

on that date. The Lovingier Trust's decision to file one day late, after observing the field of competing applicants and their claimed losses, cannot be excused on grounds of surprise or lack of notice. The PSLRA does not permit class members to stand on the sidelines during the statutory window and then seek to displace timely movants after the fact.

The Lovingier Trust was undeniably aware of this deadline and yet failed to meet it, offering no excuse whatsoever.  See Lovingier Trust Motion (Doc. No. 22-1), at 2 (published notice advised "members of the proposed Class of their right to move the Court to serve as Lead Plaintiff *no later than January 26, 2026.*").  Indeed, the certification of service by the Lovingier Trust's counsel attests under penalty of perjury that the Notice of Motion and Motion was filed on January 26, 2026.  Doc. No. 22 at 3.  But it was not filed until the next day, January 27, 2026.  It is untimely and cannot be considered.[2]

**B.    Robinson Has The Largest Financial Interest Of All Proper Movants**

Since the PSLRA does not mandate any particular method for determining which movant has the "largest financial interest" in the relief sought by the class, district courts are free to choose any methodology that is "both rational and consistently applied." *In re Cavanaugh*, 306 F.3d 726, 730 n.4. In light of this, courts tend to apply the following four factors in making the financial interest determination (the "*Lax-Olsten* factors"): (1) the number of shares purchased, (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. See *Tenneson v. Nikola Corp.,* No. 23-cv-02131, 2024 WL 905244, at *5 (D. Ariz. Feb 29, 2024). "The fourth factor, approximate losses suffered, is often provided the greatest weight." *Id*.

---

[2] According to the Court's ECF webpage, the only system maintenance in the month of January 2026 occurred on Saturday, January 17, 2026.  That webpage is available here: https://ecf.azd.uscourts.gov/cgi-bin/ShowIndex.pl (last visited Feb. 9, 2026).  And all three other movants had no problem timely filing their motions on January 26.  Lovingier Trust can have no excuse.

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Among the *eligible* (i.e. timely) movants, Robinson has suffered the largest loss, spending $428,940 to purchase his substantial position of 3,000 shares:[3]

| Movant | Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|
| Lovingier Trust | 6,300 | $763,237 | **$259,313.88** |
| Peter Robinson | 3,000 | $428,940 | **$188,976.61** |
| Poudrier & Rotness | 10,915 | $462,162 | **$158,889** |
| Singh Trust | 855 | $131,779 | **$63,278.22** |

Robinson's losses of $188,976.61 place him first among eligible movants. The Lovingier Trust's claimed loss of $259,313.88, while nominally larger, is legally irrelevant because the Lovingier Trust is not an eligible movant under the statute. The PSLRA does not allow late-filing movants to displace timely applicants simply by asserting larger losses. See *Carson v. Clarent Corp.*, No. 01-cv-03361 CRB, 2001 WL 1782712, at *2 (N.D. Cal. Dec. 14, 2001) ("The PSLRA does not have different filing deadlines based on the financial interest of the movant"). Reading the statute otherwise would invite strategic delay and gamesmanship, allowing latecomers to wait for timely filings, then tailor their motions and loss calculations to leapfrog compliant applicants.

### C.    The Lovingier Trust's Noncompliance Bars Consideration

The Lovingier Trust correctly identified the PSLRA's 60-day deadline, attached the early notice stating that class members had the "right to move the Court to serve as Lead Plaintiff no later than January 26, 2026," stated in its Motion that the deadline for submission was January 26, and nonetheless filed its motion on January 27, 2026. See Doc. Nos. 22 at 6; 22-1 at 2. Courts applying the PSLRA have repeatedly held that such noncompliance with the 60-day window is dispositive and forecloses consideration of an otherwise larger claimed

---

[3] See Movants' Loss Charts, Doc. Nos. 17-1 (Singh Trust), 18-5 (Robinson), 21-1 (Poudrier & Rotness), 22-4 (Lovingier Trust).

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

loss. *See, e.g.*, *In re Telxon,* 67 F. Supp. 2d at 818 ("[t]he plain language of the statutes precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed *after* the sixty (60) day window has closed") (emphasis in original); *In re Enron*, 206 F.R.D. at 439 (describing the PSLRA as "unequivocal" and imposing "precise time requirements"); *Zhu,* 682 F. Supp. 2d at 1053 (treating filing by the 60-day deadline as "*the threshold requirement* to serve as lead plaintiff").

The Lovingier Trust's claimed loss is therefore irrelevant to the PSLRA's timing rule. Courts have expressly rejected the notion that a larger financial interest can override noncompliance with the 60-day deadline. See, e.g., *Carson*, 2001 WL 1782712, at *2 (declining to appoint untimely movant with largest loss because "[t]he PSLRA does not have different filing deadlines based on the financial interest of the movant"); *Stone v. Life Partners Holdings, Inc*., No. DR-11-CV-16-AM, 2011 WL 13237569, at *4 (W.D. Tex. Aug. 12, 2011) (considering an untimely motion over an acceptable timely applicant would "blatantly ignore" the sixty-day deadline and the statute's plain language).

> **D.    Untimely Motions May Be Considered Only in Narrow Circumstances Not Present Here**

Courts have, on rare occasion, considered untimely lead plaintiff motions, but only where the record contains specific facts that justify the delay and demonstrate that similar issues will not recur. In such cases, counsel promptly explained the reason for lateness, often technical or ministerial, and described remedial steps to ensure future compliance. See, e.g., *Montesano v. Eros Int'l PLC,* No. 2:19-cv-14125-ES-JSA, 2020 WL 1873015 (D.N.J. Apr. 14, 2020) (accepting late filing after counsel immediately informed the court that spam filters had blocked moving papers and confirmed "adjustments" had been made). Here, by contrast, the Lovingier Trust's PSLRA Certification (Doc. No. 22-3) was executed on January 16—ten days before the statutory deadline—confirming that the Lovingier Trust was prepared to seek appointment within the period prescribed by the PSLRA, yet still did not file a timely motion. There is no affidavit, declaration, or letter from the Lovingier Trust's counsel explaining why its motion was filed late or what steps have been taken to

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

prevent a repeat of that mistake. The silence in the record underscores that there is no factual basis for treating this case as one of the rare exceptions to PSLRA compliance.

Robinson recognizes that there are a small number of decisions relaxing the deadline for untimely motions that were still filed on the correct calendar day, with the court distinguishing between the PSLRA's statutory 60-day period and local electronic filing cut-offs. *See, e.g.*, *Emerson v. Genocea Biosciences, Inc.,* No. 17-cv-12137-PBS, 2018 WL 839382, at *3 (D. Mass. Feb. 12, 2018) (treating the 6 p.m. ECF deadline as non-sacrosanct where the motion was filed four minutes late on the correct due date); *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.,* No. 17-cv-04732 VAP (KSX), 2017 WL 10667732, at *4 (C.D. Cal. Sept. 29, 2017) (accepting a motion filed one hour after a local-rule deadline but on the correct calendar day); *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, No. 17-cv-06779, 2018 WL 1388488 (N.D. Cal. Mar. 16, 2018) (treating a one-day delay as compliant where an identical motion was timely filed in a related case). The contrast between the situations presented in *Emerson*, *Waterford*, and *GGCC* and the facts here is stark. In each of those cases, the movant's counsel filed **something** on the 60th calendar day: either the motion itself (*Emerson*, *Waterford*) or an identical motion in a related proceeding (*GGCC*). The courts exercised discretion to overlook technical violations of local filing rules (4 minutes late, one hour late) or consolidated case-numbering issues, while holding firm to the statutory 60-day requirement. Here, the Lovingier Trust did not file on January 26 at any time, early, late, or otherwise. Its January 27 filing missed the calendar day entirely and thus cannot be salvaged by analogizing to these holdings.

Similarly, some courts recognize a prerogative to identify and appoint a tardy lead plaintiff in the unusual circumstance where there is no timely, adequate applicant available. If the court has no other option, it may turn to untimely filers to fulfill the obligations of a lead plaintiff to ensure that the class's claims are represented. See, e.g., *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 430 (E.D. Va. 2000) (lead plaintiff withdrew after filing consolidated amended complaint, thereby requiring court to restart lead plaintiff selection process long after expiration of sixty-day deadline); *In re Initial Pub. Offering Secs. Litig.*,

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

214 F.R.D. 117, 120, 122 (S.D.N.Y. 2002) (no applicant filed for lead plaintiff status "within 60 days of the initial notice of pendency," so tardy movant appointed); *Skwortz v. Crayfish Co.*, No. 00-CV-6766, 2001 WL 1160745, at \*1, \*5 (S.D.N.Y. Sept. 28, 2001) (naming belated movant as lead plaintiff where no class member timely applied). These cases are distinguishable on this very point – the presence of a timely, adequate movant matters. As explained above, Robinson is a PSLRA-compliant, adequate lead plaintiff, and this Court need not (and Lovingier Trust offers no basis for doing so) excuse the Lovingier Trust's untimeliness in the interest of continuing this action. See *Stone*, 2011 WL 13237569, at \*4 (W.D. Tex. Aug. 12, 2011) ("[I]n not one of the cases adopting a pliable time limit does a court actually choose a lead plaintiff candidate who applied after the sixty-day deadline ***over an acceptable lead plaintiff applicant who submitted his motion in a timely manner.***").[4]

These cases thus provide Lovingier Trust no cover for its late filing, and no prejudice will result to the class from barring the Lovingier Trust Motion from further consideration. Robinson is a PSLRA-compliant class member with a significant loss that has plainly demonstrated he is qualified to serve as lead plaintiff. Therefore, in accordance with the clear weight of authority and unequivocal terms of the PSLRA, the Court should bar the Lovingier Motion from further consideration and proceed to select a lead plaintiff from among remaining applicants who filed timely motions. Since the Singh Trust and Poudrier & Rotness have withdrawn their motions, Robinson should be appointed lead plaintiff.

### E.    Robinson Is Typical And Adequate Under Rule 23(a)

For purposes of establishing the PSLRA's "most adequate plaintiff" presumption, only the "typicality and adequacy" requirements of Rule 23(a) are relevant. *Lomingkit v. Apollo Edu. Grp. Inc.*, No. 16-cv-00689, 2016 WL 3345514, at \*2 (D. Ariz. June 16, 2016)

---

[4] See also, *In re: David James Farnham*, No. 24-bk-30325, 2025 WL 2612637, at \*2 (Bankr. M.D. Ga. Sept. 8, 2025) (refusing to grant equitable relief from a rule-based filing deadline due to ECF filing Multi-Factor Authentication requirement); information concerning MFA has been posted on the Court's website since November 25, 2025. The Court's notice is available at: https://www.azd.uscourts.gov/news/update-multifactor-authentication-cmecf-pacer-now-required (last visited Feb. 9, 2026).

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

(citing *Cavanaugh*, 306 F.3d at 730). Robinson satisfies these requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion, his PSLRA Certification, and for the reasons state herein. See Doc. No. 18, at 6; Doc. No. 18-4; U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

### III.    THE PRESUMPTION THAT ROBINSON IS THE MOST ADEQUATE PLAINTIFF CANNOT BEEN REBUTTED

Once a movant establishes that it filed a timely motion, has the largest financial interest among eligible movants, and satisfies the preliminary Rule 23 typicality and adequacy requirements, the movant is afforded the "most adequate plaintiff" presumption. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730. That presumption "may be rebutted *only upon proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff… will not fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Further, "just because 'the presumption is rebuttable does not mean it may be set aside for any reason that the court may deem sufficient.'" *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (citing *Cavanaugh*, 306 F.3d at 729 n.2). To rebut the presumption at this stage, "[c]ompeting movants must convince the district court that the presumptive lead plaintiff would not be adequate." *Mersho,* 6 F.4th at 901.

No proof has been presented that Robinson would be inadequate or atypical, and there is no plausible basis to assert that he would be anything less than the consummate fiduciary for the class. As described more fully in his motion and accompanying declaration, Robinson shares substantially similar questions of law and fact with the members of the class and his claims are typical of class members' claims. Doc. No. 18 at 6; Doc. No. 18-4.  Robinson and all class members allege Defendants violated the Exchange Act, and Robinson purchased Company securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and he was damaged thereby. *Id*. Robinson is not aware of any unique defenses Defendants could raise against him and, in sum, he has the ability and desire to represent the class fairly and adequately.

In fact, of all movants only the Lovingier Trust suffers from adequacy concerns –

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

insofar as their chosen counsel has already missed the very first filing deadline without any excuse or explanation. Lovingier Trust offers nothing in the record to assuage concerns that future deadlines may also be missed, or that the class may be prejudiced by the Lovingier Trust's appointment. *See, e.g.*, *Wrighten v. Metropolitan Hospitals, Inc.,* 726 F.2d 1346, 1352 (9th Cir. 1984) (affirming denial of class certification where counsel missed the class-certification deadline, explaining that "the counsel then in the case could take a good case and lose it for a large class"); *Ries v. Arizona Beverages USA LLC*, No. 10-cv-01139, 2013 WL 1287416, at *9 (N.D. Cal. Mar. 28, 2013) (decertifying a class after finding plaintiffs' counsel was "dilatory and ha[d] failed to prosecute [the] action adequately").[5]

As such, Robinson should be appointed as lead plaintiff, and no other movant is entitled to consideration. All competing motions have either withdrawn (Doc. No. 23 – Singh Trust; Doc. No. 27 - Poudrier & Rotness) or failed to comply with the PSLRA's requirements.

### IV.    ROBINSON'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). *Cavanaugh*, 306 F.3d at 729, at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").The Rosen Law Firm P.A., The Schall Law Firm as co-lead counsel, and Martin & Bonnett P.L.L.C. as liaison counsel, have the expertise, resources, and experience needed to effectively conduct this litigation. See Doc. Nos. 18-6, 18-7, 18-8 (firm resumes). Accordingly, Robinson's selection of The Rosen Law Firm, P.A., The Schall Law Firm as co-lead counsel and Martin & Bonnett P.L.L.C. as liaison counsel for the class should be approved.

---

[5] See also, LRCiv 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

## V.    CONCLUSION

For the foregoing reasons, Robinson respectfully requests that the Court grant his motion and enter an Order: (1) appointing Robinson as lead plaintiff; (2) approving his selection of The Rosen Law Firm, P.A. and The Schall Law Firm as co-lead counsel and Martin & Bonnett P.L.L.C. as liaison counsel for the class; and (3) denying the competing motions.

Respectfully submitted this 9th day of February 2026.

By:  s/Jennifer Kroll
**MARTIN & BONNETT P.L.L.C.**
Susan Martin (AZ#014226)
Jennifer Kroll (AZ#019859)
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
Fax: (602) 240-2345
Email: smartin@martinbonnett.com
          jkroll@martinbonnett.com
*[Proposed] Liaison Counsel for Movant and the Class*

**THE SCHALL LAW FIRM**
Andrew J. Brown (*pro hac vice*)
Adam L. Rosen (*pro hac vice*)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
andrew@schallfirm.com
adam@schallfirm.com

**THE ROSEN LAW FIRM P.A.**
Phillip Kim (*pro hac vice forthcoming*)
Laurence M. Rosen (*pro hac vice forthcoming*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: philkim@rosenlegal.com
          lrosen@rosenlegal.com

*[Proposed] Co-Lead Counsel for Movant and the Class*

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS