**MARTIN & BONNETT P.L.L.C.**
Susan Martin (AZ#014226)
Jennifer Kroll (AZ#019859)
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
Fax: (602) 240-2345
Email: smartin@martinbonnett.com
        jkroll@martinbonnett.com

*[Proposed] Liaison Counsel for Movant and the
Class*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Singh Family Revocable Trust U/A Dtd 02/18/2019, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>        vs.<br><br>Sprouts Farmers Market, Inc.; Jack L. Sinclair; Curtis Valentine,<br><br>    Defendants. | Case No. 2:25-cv-04416-JJT<br><br>CLASS ACTION<br><br>**MOVANT PETER ROBINSON'S REPLY IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................... 1

ARGUMENT.............................................................................................................. 2

    I.     The Lovingier Trust is Statutorily Ineligible Under the PSLRA ................... 2

    II.    The Lovingier Trust's Authorities Do Not Overcome the PSLRA's Mandate for Timely Filing ................................................................................ 3

    III.   Counsel's Explanatory Declaration Provides No Basis to Excuse Noncompliance.................................................................................................... 4

    IV.   Robinson Satisfies Rule 23(a) ........................................................................ 6

CONCLUSION........................................................................................................... 9

# TABLE OF AUTHORITIES

CASES

*Argentine Republic v. Nat'l Grid PLC,*
  637 F.3d 365 (D.C. Cir. 2011) ............................................................................................ 3

*Bender v. Vertex Energy, Inc.,*
  2024 WL 588445 (S.D. Tex. Feb. 1, 2024) ..................................................................... 3, 4

*Borteanu v. Nikola Corp.,*
  507 F. Supp. 3d 1128 (D. Ariz. 2020) ............................................................................. 7, 8

*Camp v. Qualcomm Inc.,*
  2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ....................................................................... 8

*Carson v. Clarent Corp.,*
  2001 WL 1782712 (N.D. Cal. Dec. 14, 2001) .................................................................... 3

*Emerson v. Genocea Biosciences, Inc.,*
  2018 WL 839382 (D. Mass. Feb. 12, 2018) .................................................................... 3, 4

*GGCC, LLC v. Dynamic Ledger Sols., Inc.,*
  2018 WL 1388488 (N.D. Cal. Mar. 16, 2018) ................................................................. 3, 4

*In re Boeing Co. Aircraft Sec. Litig.,*
  2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ..................................................................... 8

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002) ....................................................................................... 7, 8, 9

*In re Farnham,*
  2025 WL 2612637 (M.D. Ga. Sept. 8, 2025) ................................................................. 5, 6

*In re Mersho,*
  6 F.4th 891 (9th Cir. 2021) ........................................................................................ 1, 8, 9

*In re Telxon Corp. Sec. Litig.,*
  67 F. Supp. 2d 803 (N.D. Ohio 1999) ............................................................................. 2, 3

*In re Tezos Sec. Litig.,*
  2019 WL 2183448 (N.D. Cal. Apr. 8, 2019) ...................................................................... 2

MOVANT PETER ROBINSON'S REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL

*Kasilingam v. Tilray, Inc.*,
   2020 WL 4530357 (S.D.N.Y. Aug. 6, 2020) ................................................................. 7, 8

*Montesano v. Eros International PLC*,
   2020 WL 1873015 (D.N.J. Aug. 21, 2019) ...................................................................... 6

*Patel v. Reata Pharm., Inc.*,
   549 F. Supp. 3d 559 (E.D. Tex. 2021) .............................................................................. 7

*Perez v. HEXO Corp.*,
   2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) ..................................................................... 8

*Reitan v. China Mobile Games & Ent. Grp., Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014) ............................................................................. 3, 4

*Stone v. Life Partners Holdings, Inc.*,
   2011 WL 13237569 (W.D. Tex. Aug. 12, 2011) ............................................................... 3

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*,
   2017 WL 10667732 (C.D. Cal. Sept. 29, 2017) ............................................................ 3, 4

*Zhu v. UCBH Holdings, Inc.*,
   682 F. Supp. 2d 1049 (N.D. Cal. 2010) ........................................................................ 2, 3

STATUTES

15 U.S.C. § 78u-4(a)(2)(A) ..................................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(A)–(B) .............................................................................................. 2

15 U.S.C. § 78u-4(a)(3)(B)(i), (iii) ......................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ..................................................................................... 6

RULES

Fed. R. Civ. P. 23 ................................................................................................................. 1, 3

MOVANT PETER ROBINSON'S REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL

**INTRODUCTION**

Two movants remain seeking appointment as lead plaintiff: Peter Robinson ("Robinson") and the Lovingier Family Trust Dated October 13, 1988 (the "Lovingier Trust"). Only Robinson has complied with the threshold requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and is therefore the only eligible movant.

The Lovingier Trust itself recites the governing standard: the Court "shall appoint as Lead Plaintiff the movant who: (1) files the complaint or a ***timely*** motion for appointment as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Omnibus Memorandum of Law in Further Support of the Lovingier Family's Motion for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel and in Opposition to the Competing Motions for Appointment (hereinafter, the "Lovingier Opposition") at 1 (citing 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii)).[1]  The Lovingier Trust fails at the first step. It undisputedly filed its motion on January 27, 2026—after the January 26, 2026 statutory deadline—and now asks this Court to adopt the most permissive construction of the PSLRA's 60-day filing requirement yet recognized in order to excuse its noncompliance.

The Lovingier Trust's attack on Robinson as the presumptive lead plaintiff is contrary to the facts and Ninth Circuit law.  First, while admitting Robinson's filing complies with the PSLRA, Lovingier Trust claims Robinson's failure to provide yet another declaration that sets out his "educational background" renders him atypical and inadequate under Rule 23.  Doc. No. 26 at 7.  No case so holds.  In fact, the Ninth Circuit has directly refuted the argument that the court can speculate about a presumptive lead plaintiff's typicality and adequacy. *In re Mersho*, 6 F.4th 891, 902 (9th Cir. 2021).  And its contention that the court cannot appoint two firms as co-lead counsel is just silly.  It is common in complex class

---

[1] All emphasis is added and internal citations omitted, unless otherwise stated.

MOVANT PETER ROBINSON'S REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL

action litigation, and Lovingier Trust's own counsel has itself moved to be appointed co-lead counsel many, many times.

## ARGUMENT

### I.     The Lovingier Trust is Statutorily Ineligible Under the PSLRA

As Robinson pointed out in his Opposition brief, the PSLRA's lead plaintiff framework is sequential: only movants who file within the 60-day statutory window are eligible to be considered for appointment, and only among that pool does the Court then identify the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)–(B); *see In re Tezos Sec. Litig.,* 2019 WL 2183448, at *3 (N.D. Cal. Apr. 8, 2019) (to follow the PSLRA, courts "consider timely applicants before moving beyond the noticed pool"). Timely filing is therefore a threshold statutory prerequisite, not a discretionary factor that can be weighed or relaxed after the fact. Courts applying the PSLRA have repeatedly described compliance with the 60-day deadline as "the threshold requirement to serve as lead plaintiff" and have held that noncompliance forecloses consideration regardless of loss size. *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) (citing *In re Telxon Corp. Sec. Litig.,* 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999). There is no need to "rebut [the most adequate plaintiff] presumption" on the basis of untimeliness because the Lovingier Trust is not the presumptive lead plaintiff. Lovingier Opposition, at 1. It failed at step one.

The Lovingier Trust acknowledges that January 26, 2026 was the deadline "for motions for appointment as lead plaintiff to be filed in this action," and attaches the November 26, 2025 PSLRA notice stating that class members had "the right to move the Court to serve as Lead Plaintiff no later than January 26, 2026." Memorandum of Points and Authorities in Support of the Lovingier Family's Motion for Appointment as Lead Plaintiff and Approval of its Selection of Counsel (Doc. No. 22-1) (the "Lovingier Motion") at 2, 5; Doc. No. 22-5.  Despite that actual notice, the Lovingier Trust did not file its motion until January 27, 2026. Doc. No. 22.   "The plain language" of the PSLRA "precludes consideration" of a financial loss first asserted in a pleading filed after the 60-day window has closed, and the Court "may not" extend a congressionally mandated time period through

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

equitable discretion. *In re Telxon,* 67 F. Supp. 2d at 818; *Zhu*, 682 F. Supp. 2d at 1053; *see also Argentine Republic v. Nat'l Grid PLC,* 637 F.3d 365, 368 (D.C. Cir. 2011).

Accordingly, the Lovingier Trust's motion cannot be considered at all in the lead plaintiff analysis. The PSLRA "does not have different filing deadlines based on the financial interest of the movant," and it does not permit late-filing movants to displace timely applicants by asserting a higher dollar figure after the statutory window closes. *Carson v. Clarent Corp.,* 2001 WL 1782712, at *2 (N.D. Cal. Dec. 14, 2001); *see also Stone v. Life Partners Holdings, Inc.,* 2011 WL 13237569, at *4 (W.D. Tex. Aug. 12, 2011).  Because Robinson is the only movant who both filed within the PSLRA's 60-day period and otherwise satisfies Rule 23, he is the only candidate eligible for appointment as lead plaintiff.

### II.  The Lovingier Trust's Authorities Do Not Overcome the PSLRA's Mandate for Timely Filing

The Lovingier Trust relies on decisions that either (i) relax local or procedural rules while preserving the PSLRA's 60-day calendar deadline, or (ii) permit late or corrective filings only where a compliant motion was already on file—either in the same case, a related action, or via a prior timely motion that was later withdrawn and then reinstated. None of those situations are mirrored here, where the Lovingier Trust filed nothing on January 26 and seeks to displace an adequate, timely movant. *See, e.g.*, *Emerson v. Genocea Biosciences, Inc.,* 2018 WL 839382 (D. Mass. Feb. 12, 2018); *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.,* 2017 WL 10667732 (C.D. Cal. Sept. 29, 2017); *GGCC, LLC v. Dynamic Ledger Sols., Inc.,* 2018 WL 1388488 (N.D. Cal. Mar. 16, 2018); *Bender v. Vertex Energy, Inc.,* 2024 WL 588445 (S.D. Tex. Feb. 1, 2024); *Reitan v. China Mobile Games & Ent. Grp., Ltd.,* 68 F. Supp. 3d 390 (S.D.N.Y. 2014).

*Emerson* and *Waterford* addressed motions filed on the correct 60th calendar day, with courts excusing marginally late compliance ***with local ECF cut-offs***, not a failure to file on the statutory deadline itself. *See Emerson*, 2018 WL 839382, at *3 (motion filed four minutes after local 6 p.m. ECF cut-off but on the due date); *Waterford*, 2017 WL 10667732, at *4 (motion filed one hour after local-rule deadline but on the calendar deadline).  Those

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

decisions leave the PSLRA's mandatory 60-day period intact and treat only local-rule timing as flexible; they do not authorize consideration of a motion first filed on day 61.

*GGCC*, *Bender*, and *Reitan* all turned on the existence of an already-timely motion. In *GGCC*, a movant filed a PSLRA motion within 60 days in a related case, then re-filed an identical motion one day late in the main case; the court treated the latter as a good-faith correction in light of a notice having issued in the related action. *GGCC*, 2018 WL 1388488, at *3–4. In *Bender*, the court held that a motion filed on day 60 in a Texas action, followed by a notice and later motion in the first-filed Alabama actions, satisfied the statute or was excusable precisely because movants had timely moved somewhere and were not attempting to "enter the field" after reviewing others' motions. *Bender*, 2024 WL 588445, at *7–12. And in *Reitan*, the court excused untimeliness only where an institutional movant had already filed a timely motion, then withdrew it when another movant appeared larger, and later "withdrew the withdrawal" after that larger movant exited, with no loss manipulation and no delay to the process. *Reitan*, 68 F. Supp. 3d at 397–400. Here, by contrast, the Lovingier Trust never filed a motion within the 60-day period in any court and never had a timely motion on file to correct or reinstate. These cases thus do not and cannot support relaxing the deadline in circumstances here – where an admittedly untimely movant seeks to displace an adequate, timely filer despite never having filed within the window in any forum.

### III.    Counsel's Explanatory Declaration Provides No Basis to Excuse Noncompliance

At the time of its late filing, the Lovinger Trust did not seek leave of Court or otherwise explain its justification for the late filing with its initial motion. Rather, the Trust remained silent – apparently hoping other movants would not notice – and only addressing its tardiness in its opposition. This stratagem further demonstrates the Trust's inadequacy. In fact, the Trust could have filed its lead plaintiff motion well in advance of the January 26, 2026 deadline. The Trust's PSLRA certification is dated January 16, 2026.

The Trust's attempt to excuse its untimely motion rests entirely on local counsel's

4

supplemental declaration, filed two weeks after the untimely motion. *See* Supplemental Declaration of Don Bivens in Further Support of the Lovingier Family's Motion for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel, Doc. No. 26-1 ("Bivens Decl."). According to the declaration: (1) a paralegal at local counsel's firm, who had not previously used declarant's CM/ECF and PACER accounts with multi-factor authentication, attempted to file "shortly thereafter" but could not complete the login; (2) for undisclosed reasons the paralegal was unable to reach Mr. Bivens that evening to obtain access to his personal Microsoft Authenticator application; and (3) the filing was not completed until 7:27 a.m. on January 27, 2026—approximately 7.5 hours after the statutory deadline. Bivens Decl. ¶¶ 5-8.

While PACER's MFA requirements are relatively new, the District of Arizona publicly announced the CM/ECF MFA requirement months earlier on its website, and all other movants, including Robinson, successfully filed their motions on January 26, 2026.[2] And at least one court confronting similar MFA problems in rules-based contexts have refused to extend fixed deadlines, even where counsel attempted last-minute work-arounds. In *In re Farnham*, for example, counsel failed to file a Rule 9023/9024 motion within fourteen days because he "could not establish Multi-Factor Authentication," mistakenly believed MFA was optional, and sent an email to court staff at 11:56 p.m. on the deadline asking that his motion be deemed filed. 2025 WL 2612637, at *1–2 (M.D. Ga. Sept. 8, 2025). The bankruptcy court held that neither Rule 9006 nor the court's equitable powers permitted relief from a missed ***rules-based*** deadline on that basis and emphasized that MFA requirements had been noticed in advance. *Id*. at *2–3 & nn.4–5.  If MFA enrollment does not justify extending non-statutory deadlines under the Bankruptcy Rules, it provides even

---

[2] *See*, information concerning MFA requirements posted to the D. Ariz. website. Available at: https://www.azd.uscourts.gov/news/update-multifactor-authentication-cmecfpacer-now-required (last visited Feb. 16, 2026); *see also*, PACER's MFA announcement explaining that users will be enrolled in MFA beginning in August 2025. Available at: https://pacer.uscourts.gov/announcements/2025/05/02/multifactor-authentication-coming-soon (last visited Feb. 16, 2026).

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

less persuasive grounds to override an express, congressionally mandated 60-day filing period in the PSLRA.

In effect, the Lovingier Trust asks this Court to ignore a federal statute on facts far weaker than those in cases it invokes. In *Montesano v. Eros International PLC*, the court accepted a one-day late motion only after counsel in that case attested (contemporaneously to the untimely filing) that he had prepared and transmitted the papers before the deadline, that they were blocked by a spam filter beyond his control, and that he "was actively monitoring email and responding to work matters after 11:00 pm yesterday." Declaration of Donald A. Ecklund ¶ 4, *Montesano v. Eros Int'l PLC,* No. 2:19-cv-14125 (D.N.J. Aug. 21, 2019), Doc. No. 9; *Montesano,* 2020 WL 1873015, at *7–9. Here, by contrast, there was clear advance notice of both the PSLRA's 60-day deadline and PACER's MFA enrollment requirements, yet the attorney ultimately responsible for the filing did not ensure that the motion was submitted by midnight and, as the declaration concedes, "a paralegal attempted but was unable to reach" him when trying to complete the filing. Bivens Decl. ¶¶ 5–7.

### IV.   Robinson Satisfies Rule 23(a)

The Lovingier Trust also speculates as to Robinson's typicality and adequacy, making two points: (1) Robinson did not submit a separate biographical declaration in addition to the certification required by the PSLRA, and (2) Robinson a three-firm counsel structure – two firms as co-lead counsel and one firm as liaison counsel. Neither issue creates a "unique defense" or rebuts the PSLRA presumption.

Unlike the Lovingier Trust, Robinson has complied with every requirement set by the PSLRA. The statute requires a sworn certification and that the presumptive movant "otherwise satisfies the requirements of Rule 23" (15 U.S.C. § 78u-4(a)(2)(A), (a)(3)(B)(iii)(I)(cc)), not any particular format of personal declaration, and Lovingier cites no authority suggesting that the absence of an additional biographical affidavit, standing alone, has ever rendered an otherwise timely, largest-loss movant inadequate. "Although some courts like those cited in [competing movant's response] prefer to have more biographical information about a lead plaintiff candidate, *In Re Cavanaugh* makes clear that

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

the analysis must be tightly focused on financial interest and Rule 23 requirements." *Borteanu v. Nikola Corp.,* 507 F. Supp. 3d 1128, 1138 (D. Ariz. 2020), mandamus granted, order vacated sub nom. *In re Mersho,* 6 F.4th 891 (9th Cir. 2021), and vacated in part, 562 F. Supp. 3d 174 (D. Ariz. 2021); citing *Cavanaugh*, 306 F.3d at 732  ("[A] straightforward application of the statutory scheme ... provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case.")

Consistent with that framework, courts routinely appoint as lead plaintiff a largest-loss movant who has filed the required PSLRA certification and supplied basic information sufficient to demonstrate aligned claims, an adequate financial interest, and a willingness to prosecute the action, without demanding a standalone CV. *See, e.g.*, *Patel v. Reata Pharm., Inc.,* 549 F. Supp. 3d 559, 569–71 (E.D. Tex. 2021) (finding adequacy where the movant's motion and certification stated residence, years of investing experience, education, and professional background); *Kasilingam v. Tilray, Inc.,* 2020 WL 4530357, at *3 (S.D.N.Y. Aug. 6, 2020) (declining to "peer into" additional personal details where adequacy was otherwise established). Here, as in *Patel*, Robinson has provided precisely the kind of background information that courts deem sufficient to support a *prima facie* showing of typicality and adequacy. Robinson's moving papers state where he lives, his investing experience, and "enumerates the industr[y] in which he works." *Patel*, 549 F.Supp 3d, at 571; *see*, Robinson Motion, at 7 ("Movant lives in Rochester, New York and has been investing for 15 years.  Movant works in the real estate industry"); Doc. No. 18.

By contrast, the movants in *Boeing*, *Camp*, and *Perez* were faulted for providing virtually no personal information beyond a PSLRA certification and, at most, a place of residence, leaving the courts with "virtually no basis to assess their adequacy to lead and direct litigation." *In re Boeing Co. Aircraft Sec. Litig.,* No. 19 CV 2394, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019); *Camp v. Qualcomm Inc.,* No. 18-CV-1208, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019); *Perez v. HEXO Corp.,* No. 19 CIV 10965, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020).  In *Camp*, the court declined to appoint the largest-loss movant because he failed to include "any basic details about himself, including

7

where he lives or who he is specifically in his motion," and in *Perez* the court similarly refused to appoint a movant who initially "did not provide any information about himself, e.g., investment history, educational background, etc." *Camp,* 2019 WL 277360, at *3; *Perez,* 2020 WL 905753, at *3.  Robinson's submission identifies his residence, length of investing experience, and industry of employment, together with his certification, loss charts, and explanation of why his claims are typical and why he wishes to represent the class—places him squarely on the *Patel/Kasilingam* side of the line, not in the *Boeing/Camp/Perez* category of movants who offered "none" of the basic information necessary for the Court to assess adequacy. *See Kasilingam,* 2020 WL 4530357, at *2–3.

The Lovingier Trust's criticism of Robinson's proposed lead counsel similarly fails to displace him. The PSLRA "clearly leaves the choice of class counsel in the hands of the lead plaintiff," subject only to the Court's review for overall adequacy, not a free-floating preference among reasonable structures. *In re Cavanaugh,* 306 F.3d 726, 734 (9th Cir. 2002). As the Ninth Circuit has emphasized, "a plaintiff's choice of counsel is relevant only to the extent that decision 'is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff,' and the question is 'whether the choices made by the movant with the largest losses are so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class.'" *In re Mersho,* 6 F.4th, at 900–01 (9th Cir. 2021). This District does not hesitate to appoint two firms as co-lead counsel. *See*, *Borteanu v. Nikola Corp.,* No. 20-cv-01797-PHX-SPL, Doc. No. 81, at 17 (D. Ariz. Nov. 18, 2021) ("while the competing movants raise issue with the fact that Group II lists four law firms in its pleadings, this Court is satisfied with Group II's selection of only two of them to serve as co-lead counsel in this case").

Against this standard, the Lovingier Trust's argument does not move the needle. Robinson has proposed two experienced national securities firms as co-lead counsel and a respected Phoenix firm as liaison; his motion explains their roles and attaches firm résumés. Doc. Nos. 18-6, 18-7, 18-8.  A multi-firm configuration is common in complex securities

8

class action cases like this one, which the Lovingier Trust's proposed counsel, Kahn Swick & Foti, LLC ("KSF"), knows well.[3]

The Lovingier Trust identifies no conflict of interest, self-dealing, nor any prejudice whatsoever stemming from Robinson's  choice of counsel. Its critique is, at bottom, a preference for fewer firms, even as the Lovingier Trust itself asks the Court to approve an out-of-state lead firm that must rely on separate Arizona local counsel which has already failed to oversee the very first filing deadline in this action. Lovingier Opp. at 1–2; Bivens Decl. ¶¶ 5–7. Under controlling Ninth Circuit precedent, that sort of speculation without evidence is not the kind of "irrational" or conflicted choice that casts "genuine and serious doubt" on a lead plaintiff's adequacy.  It falls well short of even the "misgivings" that *Mersho* held cannot justify displacing the PSLRA's presumption of the most adequate plaintiff.  *Mersho*, 6 F.4th at 900–01; *Cavanaugh*, 306 F.3d at 734.

**CONCLUSION**

For the foregoing reasons, Peter Robinson respectfully requests that the Court enter an Order: (i) appointing Mr. Robinson as Lead Plaintiff; and (ii) approving Mr. Robinson's selection of The Rosen Law Firm and The Schall Law Firm as Co-Lead Counsel and Martin & Bonnett P.L.L.C. as Liaison Counsel for the Class.

Dated: February 17, 2026                    Respectfully submitted,


                                            By:  s/Jennifer Kroll
                                            **MARTIN & BONNETT P.L.L.C.**
                                            Susan Martin (AZ#014226)
                                            Jennifer Kroll (AZ#019859)
                                            4647 N. 32nd Street, Suite 185
                                            Phoenix, Arizona 85018
                                            Telephone: (602) 240-6900

---

[3] *See, e.g.*, *In re Aimmune Therapeutics, Inc. Securities Litigation (Aimmune Merger),* No. 3:20-cv-06733-MMC (N.D. Cal.), Doc. No. 42 (KSF stipulating to itself being appointed in a co-lead counsel structure); *In re Zeta Global Holdings Corporation Securities Litigation*, No. 1:24-cv-08961 (S.D.N.Y.), Doc. No. 71 (KSF appointed as co-lead counsel).

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Fax: (602) 240-2345
Email: smartin@martinbonnett.com
    jkroll@martinbonnett.com

*[Proposed] Liaison Counsel for Movant and the Class*

**THE SCHALL LAW FIRM**
Andrew J. Brown (*pro hac vice*)
Adam L. Rosen (*pro hac vice*)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
andrew@schallfirm.com
adam@schallfirm.com

**THE ROSEN LAW FIRM P.A.**
Philip Kim (*pro hac vice forthcoming*)
Laurence M. Rosen
(*pro hac vice forthcoming*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: philkim@rosenlegal.com
    lrosen@rosenlegal.com

*Counsel for Movant and the Class*

MOVANT PETER ROBINSON'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS